# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Dean Sunderland and Peter John Reiff, individually and on behalf of all other similarly situated individuals and the Proposed Minnesota Rule 23 Class, | Case No. 19-CV-1877<br>Case Type: FLSA/Overtime |
| Plaintiffs, | |
| v. | **COMPLAINT**<br>**AND JURY DEMAND** |
| Garda USA, Inc.; | |
| Defendant. | |

## INTRODUCTION

1. This is a class and collective action seeking redress for wage and hour violations committed by GardaWorld Security Corporation ("Garda"), a Canadian private security firm. Plaintiffs, similarly situated individuals, and the Proposed Rule 23 Class have worked as drivers/messengers/guards for Garda's U.S. arm, Garda USA, Inc., during the three years prior to the filing of this Complaint. During that time, Plaintiffs, similarly situated individuals, and the proposed Rule 23 Class regularly worked as non-exempt hourly employees for more than 40 hours per week with vehicles having a gross vehicle weight rating (GVWR) of less than 10,001 pounds. In violation of state and federal law, Garda has not paid—and does not pay—

Plaintiffs, similarly situated individuals, and the proposed Rule 23 Class overtime wage rates for all hours worked over 40 per week. Rather, Garda has implemented a policy of refusing to pay overtime wage rates to messengers/drivers/guards for all hours worked over forty per week. As a result of Garda's illegal practices, Plaintiffs, similarly situated individuals, and the proposed Rule 23 Class have been injured, suffering economic damages for which they are entitled to relief.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. § 1331, because this action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

3. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they arise on the same nucleus of facts as the federal claims.

4. Venue is proper under 28 U.S.C. § 1391 because Garda conducts business in this State and District and a substantial part of the events or omissions giving rise to the claims occurred in this State and District.

## ALLEGATIONS REGARDING PARTIES

5. Plaintiff Michael Dean Sunderland is an individual person presently living in Hennepin County, Minnesota. At all times relevant to this Complaint, Plaintiff

Sunderland worked as a driver/messenger/guard for Garda. Sunderland is Garda's "employee" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

6. Plaintiff Peter John Reiff is an individual person presently living in Hennepin County, Minnesota. At all times relevant to this Complaint, Plaintiff Reiff worked as a driver/messenger/guard for Garda. Reiff is Garda's "employee" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

7. Plaintiffs and the similarly-situated individuals worked—and continue to work—as drivers/messengers/guards for Garda during the three years prior to the filing of this Complaint. Plaintiffs and the similarly-situated employees regularly worked—and continue to work—over forty hours per week without proper overtime compensation from Garda. Furthermore, Plaintiffs and the similarly-situated employees regularly work in vehicles with a Gross Vehicle Weight Rating (GVWR) of 10,000 lb. or less.

8. Plaintiffs bring this representative collective action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), on behalf of:

> *All individuals who worked as hourly armored vehicle drivers, messengers, or guards for Garda, Inc. and its subsidiaries and drove or rode in a vehicle with a GVWR of 10,000 pounds or less at any location in the United States during any time from three years prior to the filing of the Complaint until the completion of the litigation*

3

(hereinafter the "FLSA Collective"). Plaintiffs reserve the right to amend this definition if necessary.

9. Plaintiffs' written consent forms are attached hereto as Exhibits A and B. At least ten additional consent form filings from other Garda employees are forthcoming. As the case proceeds, it is likely that other individuals will also sign consent forms and join this case. Indeed, there are hundreds of complaints from across the country by similarly situated individuals regarding Garda's national policy of failing to pay overtime wage rates in accordance with federal law. See, e.g., Exhibit C.

10. Excluded from the proposed FLSA Collective are Garda's exempt executives, administrative and professional employees, including computer professionals and outside sales persons, and any employee who is exempt under the Motor Carrier Exemption, Section 13(b)(1) of the FLSA.

11. Plaintiffs additionally bring this action on behalf of themselves and the proposed Minnesota Rule 23 Class. Plaintiffs and the proposed Minnesota Rule 23 Class worked—and continue to work—as drivers/messengers/guards for Garda during the three years prior to the filing of this Complaint. Plaintiffs and the proposed Minnesota Rule 23 Class regularly worked—and continue to work—over forty-eight hours per week without proper overtime compensation from Garda.

12. Defendant Garda is a Canada-based company that bills itself as, "the world's largest privately owned security services company[.]"[1] Garda operates more than 208+ offices throughout the United States through various regional subsidiaries, including but not limited to: Garda Consulting, Inc., Garda CL Southeast, Inc., Garda CL Great Lakes, Inc., Garda CL Atlantic, Inc., Garda CL Central, Inc., Garda CL East, Inc., Garda CL New England, Inc., Garda CL Southwest, Inc., Garda CL West, Inc., Industrial Security Service, LLC, and United American Security, LLC. Garda's principal place of business is at 2000 NW Corporate Boulevard, Boca Raton, Florida 33431. Garda's registered agent is Corporate Creations Network, Inc., 11380 Prosperity Farms Road, Suite 221E, Palm Beach Gardens, Florida, 33410. At all times relevant herein, Garda was an "employer" (as that term is used by the Fair Labor Standards Act) of Plaintiffs, similarly situated individuals, and the Proposed Rule 23 Class.

13. Garda is a contract carrier engaged in interstate commerce as defined by the applicable federal statutes. Garda provides storage, processing, distribution, and armored transportation for currency, coins, checks, and other valuables for financial institutions and retailers throughout the United States. At all times relevant to this Complaint, Garda operates as an organization which sells and/or markets its services

---

[1] https://www.garda.com/about-us. Accessed July 11, 2019.

and/or goods to customers from throughout the United States and also provides its services from across state lines, generating annual gross revenue in excess of $500,000 per annum. Garda's business activities involve those to which the FLSA applies and Garda is subject to enterprise coverage under the FLSA.

14. Garda and its drivers, who also serve as messengers and guards, may be subject to the requirements and regulations of FLSA and/or the U.S. Department of Transportation (DOT) Federal Motor Carrier Safety Administration (FMCSA). Garda is responsible for verifying whether or not each of its employees are covered under the FLSA and/or the FMCSA.

## **GENERAL ALLEGATIONS**

15. The FLSA requires covered employers, such as Garda, to compensate all non-exempt employees, such as Plaintiffs and the similarly situated individuals,[2] at a rate of not less than the federally-established one and one-half (1.5) times their regular rate of pay for work performed in excess of forty (40) hours per week.[3]

---

[2] "[A] FLSA-covered employee under the TCA is one driving a vehicle with a GVWR of 10,000 pounds or less[.]" McCall v. Disabled Am. Veterans, 723 F.3d 962, 966 (8th Cir. 2013).
[3] See McCall v. Disabled Am. Veterans, 723 F.3d 962, 965–966 (8th Cir. 2013).

16. Garda routinely and regularly requires Plaintiffs and the similarly situated individuals to work over 40 hours per week in vehicles with a GVWR of 10,000 pounds or less.

17. Plaintiff Michael Sunderland routinely works in excess of forty hours in a workweek in vehicles with a GVWR of 10,000 pounds or less, but is not paid the federally mandated overtime rate of one and one-half (1.5) times his regular hourly rate.

18. Plaintiff Reiff routinely works in excess of forty hours in a workweek in vehicles with a GVWR of 10,000 pounds or less, but is not paid the federally mandated overtime rate of one and one-half (1.5) times his regular hourly rate.

19. The work of Plaintiffs and the similarly situated individuals does not affect the safety of operations of motor vehicles weighing more than 10,000 pounds on transportation on public highways in interstate or foreign commerce. As a result, Plaintiffs and the similarly situated individuals are non-exempted by Section 13(b)(1) of the FLSA and are not within the authority of the Secretary of Transportation because their job duties are under the "Small Vehicle Exemption."

20. Consequently, Plaintiffs and other similarly situated drivers/messengers/ guards are covered employees under the overtime provisions of the FLSA, and they

are entitled to be paid at a rate not less than one and one-half (1.5) times their regular rates of pay for all hours worked in excess of 40 hours in a workweek.

21. Garda does not pay Plaintiffs and the similarly situated individuals overtime wage rates in accordance with federal law, failing to pay overtime wage rates for all hours worked over 40 per workweek.

22. Garda has intentionally and willfully established and operated a scheme whereby it fails to pay all hourly, non-exempt and FLSA-covered employees overtime compensation.

23. Garda knew, should have known, or showed deliberate disregard for the fact that Plaintiffs and the other similarly situated individuals are hourly, non-exempt employees who should have been paid overtime wage rates for all of their hours worked over 40 hours per workweek.

24. As a result of Garda's knowing, willful, deliberate, and intentional actions, Plaintiffs and the similarly situated individuals have been denied all lawfully-required compensation.

25. Plaintiffs estimate that there are thousands of similarly-situated current and former Garda employees. The records concerning the number of hours actually worked by Plaintiffs and the similarly situated individuals, and the compensation actually paid to such employees, should be in the custody of Garda.

## MINNESOTA CLASS ACTION ALLEGATIONS

26. Plaintiffs, on behalf of themselves and all members of the proposed Minnesota Rule 23 Class, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

27. Garda repeatedly and routinely denies Plaintiffs and the proposed Minnesota Rule 23 Class overtime wage rates for all hours worked over forty-eight (48) per workweek.

28. Plaintiffs bring Minnesota Fair Labor Standards Act claims on behalf of themselves and the Minnesota Rule 23 Class as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. The proposed Minnesota Rule 23 Class is defined as:

> *All individuals who worked as hourly armored vehicle drivers, messengers, or guards for Garda, Inc. and its subsidiaries and drove or rode in a vehicle with a GVWR of 10,000 pounds or less at any location in Minnesota during any time from three years prior to the filing of the Complaint until the completion of the litigation*

(hereinafter, the proposed "Minnesota Rule 23 Class"). Plaintiffs reserve the right to amend this definition if necessary.

29. The persons in the Minnesota Rule 23 Class are so numerous that joinder of all members of the proposed Minnesota Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, upon information and

belief, Garda has employed in excess of 75 individuals as drivers/messengers/guards during the applicable limitations period. Plaintiffs and the proposed Minnesota Rule 23 Class have been equally affected by Garda's violations of law.

30. There are questions of law and fact common to the proposed Minnesota Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Class, including but not limited to:

> a. Whether Garda paid class members overtime wage rates for all hours worked over 48 per workweek in accordance with the MFLSA.
>
> b. The proper measure of damages sustained by the proposed Minnesota Rule 23 Class; and
>
> c. Whether Garda should be enjoined from such violations in the future.

31. Plaintiffs' claims are typical of those of the members of the Minnesota Rule 23 Class. Plaintiffs, like the other members of the proposed Minnesota Rule 23 Class, are subject to Garda's policies and practices of willfully failing to pay employees overtime wage rates for all hours worked over 48 per workweek. Plaintiffs and members of the proposed Minnesota Rule 23 Class have sustained similar injuries as a result of Garda's actions.

32. Plaintiffs will fairly and adequately protect the interests of the Minnesota Rule 23 Class and have retained counsel experienced in complex wage and hour class action litigation.

33. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(b)(3).

34. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Garda.

35. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Garda has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

36. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the large corporate

defendant. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Garda's policies and practices.

37. There do not appear to be any difficulties in managing this class action.

38. Plaintiffs intend to send notice to all members of the Minnesota Rule 23 Class to the extent required by Fed R. Civ. P. 23.

## COUNT I
## FAIR LABOR STANDARDS ACT
## (Overtime Wage Violations)

39. Plaintiffs re-allege and incorporate the above paragraphs by reference as if fully set forth herein and throughout.

40. Garda knew or should have known that Plaintiffs and the similarly situated individuals performed work that required payment of overtime wage rates for all hours worked over forty (40) per workweek.

41. Garda operated a scheme to deprive Plaintiffs and the similarly situated individuals of payment of overtime compensation for hours worked over forty per workweek. Garda knew or should have known that Plaintiffs and the similarly situated individuals are non-exempt, hourly employees entitled to overtime compensation for hours worked in excess of forty per workweek.

42. By failing to pay Plaintiffs and the similarly situated individuals overtime compensation for all hours worked in excess of forty per workweek, Garda violated and continues to violate the FLSA.

43. Garda's conduct as set forth herein was willful and in bad faith, and done with reckless disregard of whether the conduct was prohibited by law, and has caused significant damages to Plaintiffs and the similarly situated individuals.

44. Garda is liable under the FLSA for failing to properly compensate Plaintiffs. And the similarly situated individuals. There are numerous individuals who have been denied overtime pay for hours worked in excess of forty per workweek by Garda in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join. These similarly situated individuals are known to Garda and are readily identifiable through Garda's records.

45. Plaintiffs, on behalf of themselves and other similarly situated individuals, seek damages in the amount of their and the similarly situated individuals' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in prosecuting this claim, an injunction preventing Garda from engaging in similar conduct going forward, all other relief available under the FLSA, and all other legal and equitable relief as the Court deems just and proper.

46. Total damages suffered by Plaintiffs and similarly situated individuals are to be further determined at trial.

## COUNT II
## MINNESOTA FAIR LABOR STANDARDS ACT
### (Overtime Wage Violations)

47. Plaintiffs re-allege and incorporate the above paragraphs by reference as if fully set forth herein and throughout.

48. Plaintiffs and the Minnesota Rule 23 Class performed work for which they were not compensated in violation of the MFLSA. Specifically, Defendants violated the MFLSA by failing to pay overtime wages to Plaintiffs and the Minnesota Rule 23 Class for all hours worked over 48 per workweek.

49. Garda's failure to pay overtime wages in accordance with state law was a willful and knowing violation of the MFLSA, or done by Garda with reckless disregard of whether the conduct was prohibited by law.

50. As a result of Garda's violations of the MFLSA, Plaintiffs and Minnesota Rule 23 Class members suffered damages to be determined at trial.

51. Pursuant to the MFLSA, Garda owe Plaintiffs and the Minnesota Rule 23 Class overtime compensation for all hours worked over 48 per workweek, an additional equal amount as liquidated damages, plus additional civil penalties and an additional sum for attorneys' fees and costs.

52. Total damages suffered by Plaintiffs and members of the proposed Minnesota Rule 23 Class are to be further determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Garda as follows:

A. That notice of this lawsuit be given to all similarly situated individuals as soon as possible;

B. That the Court will certify the instant suit as an opt-in collective action under 29 U.S.C. 216(b) and a class action pursuant to Fed. R. Civ. P. 23;

C. That Plaintiffs and the similarly situated individuals be determined and adjudicated to be non-exempt and covered employees under the FLSA;

D. That the Court issue a declaratory judgment that Garda's acts, policies, practices and procedures complained of herein violated provisions of the FLSA and the MFLSA;

E. That the Court order injunctive relief that Garda be immediately ordered to comply with the FLSA, the MFLSA, and all similarly applicable state wage laws;

F. That the Court award Plaintiffs, the similarly situated individuals, and the proposed Minnesota Rule 23 Class compensatory damages and an equal amount of liquidated damages as provided under the applicable laws;

G. That the court award Plaintiffs, the similarly situated individuals, and the proposed Minnesota Rule 23 Class treble damages as provided under the applicable laws;

H. That all applicable penalties be assessed against Garda for its failure to abide by state and federal wage laws;

I. That Plaintiffs, the similarly situated individuals, and the Minnesota Rule 23 Class recover an award of reasonable attorneys' fees, costs, and expenses as allowed under applicable law;

J. That Plaintiffs, the similarly situated individuals, and the Minnesota Rule 23 Class be awarded pre- and post-judgment interest,

K. That the practices of Garda complained of herein be determined and adjudicated to be willful violations of the FLSA and the MFLSA;

L. That Plaintiffs be awarded incentive awards for serving as representatives of the class and collective actions;

M. That Plaintiffs be granted leave to amend the Complaint to add claims under applicable state and federal laws, and to add other defendants who meet the definition of Plaintiffs' and the similarly situated individuals' "employer" under the FLSA, the MFLSA, and other applicable stage wage laws;

N. For all other relief available under the FLSA, the MFLSA, and other applicable laws

O. For all such further relief as the Court deems equitable and just.

*Plaintiffs demand a jury trial.*

Dated:  July 17, 2019                                         **MADIA LAW LLC**


/s/Joshua A. Newville_____
Joshua A. Newville, MN #395221
323 Washington Ave. N., #200
Minneapolis, Minnesota  55401
Ph: 612.349.2743 | Fax:  612.235.3357
Email: newville@madialaw.com
*Counsel for Plaintiffs*